IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **MARTIN J. WALSH,** ) | |
| **Secretary of Labor, U.S. Department** ) | |
| **of Labor,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-507-CWB |
| ) | |
| **SL ALABAMA, LLC,** ) | |
| ) | |
| Defendant. ) | |

**CONSENT JUDGMENT**

This Consent Judgment resolves a civil action filed in this court by Martin J. Walsh, Secretary of Labor, U.S. Department of Labor (hereinafter "the Secretary") to enforce the provisions of 15(a)(4) and 17 of the Fair Labor Standards Act of 1938, as amended (hereinafter "the FLSA" or "the Act"), 29 U.S.C. §§ 215(a)(4) and 217, against SL Alabama, LLC. The Secretary filed this action alleging that Defendant violated the child labor provisions of Fair Labor Standards Act of 1938, 29 U.S.C. §§ 212(c) and 215(a)(4). Defendant consents to the entry of the judgment below.

Based on the parties' agreements, it is hereby ORDERED, ADJUDGED and DECREED that Defendant SL Alabama, LLC, their agents, servants, employees, and all persons in active concert or participation with them who receive actual notice hereof, are permanently enjoined from violating the provisions of the FLSA in any of the following manners:

1. Defendant shall not, contrary to the provisions of §§ 12(c) and 15(a)(4) of the Act, 29 U.S.C. §§ 212(c) and 215(a)(4), and Child Labor Regulation No. 3, 29 C.F.R. §§ 570.31-.38,

1

engage in oppressive child labor as defined by Section 203(l), including but not limited to, employing any individual under the age of 16 years old.

2. Defendant shall not, contrary to Sections 12 and 15(a)(4) of the Act: (1) ship or deliver for shipment in commerce goods produced in an establishment situated in the United States in or about which, within thirty days prior to the removal of such goods therefrom, oppressive child labor has been employed, and; (2) employ child labor in commerce or in the production of goods for commerce or in any enterprise engaged in commerce or in the production of goods for commerce.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that:

3. Defendant will ensure that training materials for employees and subcontractors, staffing agency or any other entity providing workers to the worksite and/or rules for employee and subcontractors address compliance with child labor standards and will incorporate such changes in its management training program.

4. Defendant will hire a third-party company to provide quarterly child labor trainings to all management personnel including management of any subcontractor employer for a period of three years; thereafter yearly training will be provided and at the time a new manager is hired, or a new agreement is signed with a subcontractor.

5. Defendant shall impose sanctions, including termination and/or suspension, upon any management personnel responsible for child labor violations.

6. Defendant shall immediately terminate any agreement with subcontractors responsible for child labor violations.

7. Defendant shall ensure that workers at the worksite, including those employed by subcontractors and staffing agencies, are employed in compliance with Section 212(a) of the

FLSA and the regulations thereunder at 29 C.F.R. §§ 570.33-35.  Specifically, Defendant will ensure that no minor under the age of 16 years old works at the facility.

8. Defendant shall identify any machinery specified in 29 CFR 570.51- 570.68 and post signage prohibiting the usage of said equipment.

9. Prior to any subcontractor or staffing agency commencing work at any facility operated by Defendant, Defendant shall require the following information from any subcontractor or staffing agency at the worksite.  Defendant shall review the documentation and assure it complies with the applicable FLSA requirements:

    i. the names of all employees;

    ii. confirmation that no one under the age of 16 will be working at the facilities;

    iii. proof of the age of each employee, including photographic identification.

10. Each party shall bear such other of its own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

DONE this the 29th day of September 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

| | |
|---|---|
| Defendants consent to entry of the foregoing Judgment: | Plaintiff moves for entry of the foregoing Judgment: |

SEEMA NANDA
Solicitor of Labor

_____
Ingu Hwang
Counsel for SL Alabama, LLC

TREMELLE I. HOWARD
Regional Solicitor

Burr Forman LLP
171 17th Street NW, Suite 1100
Atlanta, Georgia 30363
(404) 685-4314
ihwang@burr.com

ROBERT L. WALTER
Counsel

DATE: 8/24/2022

By: _Kristin R. Murphy_
KRISTIN R. MURPHY
Senior Trial Attorney

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, Georgia 30303
(678)237-0613
Murphy.kristin.r@dol.gov
ATL.FEDCOURT@dol.gov

Attorneys for Plaintiff

DATE: August 24, 2022

SOL NO. 22-00409